IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SHARON QUINN,

Defendant.                                                          No. 13-CR-30092-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On April 14, 2014, the Court sentenced Quinn to 24 months imprisonment (Doc. 91) and the Clerk of the Court entered Judgment reflecting the same (Doc. 93). On December 9, 2014, Quinn filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 (Doc. 112). On February 4, 2015, the Federal Public Defender's office entered an appearance (Doc. 115). Thereafter on November 2, 2015, Assistant Federal Public Defender Ethan Skaggs moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 117). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Quinn an opportunity to respond to the motion to withdraw (Doc. 119. As of this date, she has not done so.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered

by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Here, Quinn is not entitled to a reduction in her sentence. Her below the guideline sentence of 24 months bars further reduction of sentence as her sentence cannot be reduced below the low end of the revised guideline range for reasons other than substantial assistance. U.S.S.G. § 1B1.10(b)(2)(A).

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 117) and **DENIES** Quinn's motions for a sentence reduction (Doc. 112).

**IT IS SO ORDERED.**

Signed this 10th day of December, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.12.10
10:56:30 -06'00'

**United States District Judge**